IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30555
_____


In The Matter of: JOE CONTE TOYOTA INC

                              Debtor

-----------------------------------

JOSEPH P CONTE, JR

                    Appellant

        v.

JOE CONTE TOYOTA INC

                    Appellee.

_____

            Appeal from the United States District Court
               for the Eastern District of Louisiana
                         (95-CV-4212-J)
_____
                       December 13, 1996
Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Joseph Conte, Jr. ("Conte") appeals a judgment by the

district court dismissing his appeal of a compromise order in the

bankruptcy court as moot.  Finding no error, we affirm.

                        **I. BACKGROUND**

---

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

                              1

Joe Conte Toyota, Inc. ("Conte Toyota" or the "debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on June 7, 1995. At the time it filed for bankruptcy protection, the debtor was in the process of negotiating the sale of its business goodwill and certain specified assets to a third party purchaser, Troy Duhon ("Duhon"). Prior to filing, the debtor had engaged in lengthy litigation with Gulf States Toyota, Inc., Toyota Motor Credit Corp., and Toyota Motor Sales, Inc. (the "Toyota entities"). The debtor alleged that the Toyota entities violated state and federal law and the terms of various agreements. The Toyota entities counterclaimed and filed claims on the estate.

The debtor's board of directors authorized its attorneys to reach a compromise of the litigation with the Toyota entities. On October 5, 1995, the bankruptcy court held a hearing on a motion to approve the compromise. Conte appeared pro se to object to the compromise of the debtor's claim against the Toyota entities, contending that the compromise was not in the best interest of the debtor and that the board and the attorneys had no authority to act. The bankruptcy court, however, approved the compromise on November 2, 1995. The compromise contains the following conditions, among others: that the Toyota entities will approve Duhon as the successor dealer and operator of the franchise and give him a Dealer Sales and Service Agreement, that Duhon will increase his purchase offer by $110,000, that the

2

Toyota entities will pay the debtor $100,000 and release all claims against it, and that the debtor will release all claims against the Toyota entities.

On November 8, 1995, the debtor obtained an order of confirmation on its reorganization plan. The plan incorporated the terms of the compromise, specifically the sale of certain assets of the debtor to Duhon, the transfer to Duhon of all its rights under the Dealer Sales and Services Agreement, and the issuance of a new Dealer Sales and Services Agreement to Duhon by the Toyota entities. No objection was filed to the confirmation of the plan, and no stay was requested.

On November 13, 1995, Conte filed a notice of appeal of the compromise order in federal district court. On November 15, the debtor, the Toyota entities, and Duhon executed the acts necessary to effectuate the terms of the compromise and plan. On April 16, 1996, the district court granted Conte Toyota's motion to dismiss on the ground of mootness. Conte filed a timely notice of appeal.

## II. DISCUSSION

We review the granting of a motion to dismiss de novo, accepting as true all well-pleaded assertions in the light most favorable to the plaintiff. House the Homeless, Inc. v. Widnall, 94 F.3d 176 (5th Cir. 1996).

The debtor argues that Conte's appeal of the compromise

order is moot because the relief requested cannot be granted.  In the bankruptcy context, a court may decline to address the merits of a claim "when there has been substantial consummation of the plan such that effective judicial relief is no longer available -- even though there may still be a viable dispute between the parties on appeal."  *In re* Manges, 29 F.3d 1034, 1039 (5th Cir. 1994).   This court considers three factors to determine whether a controversy in this context is moot: "(i) whether a stay has been obtained, (ii) whether the plan has been substantially consummated, and (iii) whether the relief requested would affect either the rights of parties not before the court or the success of the plan."  Id.

Applying the three factors to the present case, we find that the district court correctly dismissed the appeal as moot. First, Conte never obtained a stay of implementation of the reorganization plan pending the appeal of the compromise order. Second, because of Conte's failure to obtain a stay, the plan has now been substantially consummated.  "Substantial consummation" is a statutory measure for determining whether a reorganization plan may be amended or modified by the bankruptcy court.  11 U.S.C. § 1127(b).  "Substantial consummation" is defined as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor of by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

4

(C) commencement of distribution under the plan.

Id. § 1101(2). In this case, the sale of the dealership's equipment and Conte Toyota's franchise rights to Duhon and the distribution of the settlement and sale proceeds to allowed claimants resulted in substantial consummation of the plan. These actions transferred substantially all of the property to be transferred by the plan and commenced distribution under the plan. Third, because the plan has been substantially consummated, the relief requested by Conte would affect the rights of parties not before the court and would destroy the success of the plan. By settling the ongoing litigation and securing the Toyota entities' approval of the Duhon sale, the compromise facilitated the sale and made it possible for the debtor to pay the allowed claimants according to the terms of the plan. Neither Duhon nor the allowed claimants are before the court; and the plan could not have been implemented successfully without the prior compromise. Thus, Conte's appeal of the compromise order was correctly dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.